UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| DENNIS R. BOUCK | CIVIL ACTION NO. 20-1298 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| KANSAS CITY SOUTHERN RAILWAY CO., ET AL. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court is a partial motion for summary judgment, filed by Defendant, Kansas City Southern Railway Company ("KCSR"). The motion has been fully briefed. For the reasons below, the motion [Record Document 53] is **DENIED**.

## BACKGROUND

Plaintiff, Dennis Bouck ("Plaintiff"), worked for KCSR in the railroad industry from approximately 1964 to 2007. Record Document 1.[1] During this time, he avers that he worked on locomotives and various parts of locomotives that contained asbestos. In 2020, Plaintiff alleges that he was diagnosed with mesothelioma, a terminal disease from his work exposing him to asbestos dust. Plaintiff filed suit against his employer, KCSR, and various manufacturers of the asbestos-containing products, Progress Rail Locomotive Inc., Wabtec Transportation Systems, LLC, and Comet Industries, Inc. (collectively, the "Manufacturers"), claiming that Defendants were liable for the dangerous levels of asbestos that he was exposed to while working on locomotives and locomotive parts. As to KCSR, Plaintiff has brought a negligence claim pursuant to the Federal Employers' Liability Act ("FELA"). Plaintiff contends that KCSR failed to provide him with a reasonably safe workplace by allowing him to work with asbestos-containing materials without

---

[1] For this motion, the parties do not dispute these facts. KCSR's motion is a legal dispute.

warning him of the hazardous conditions or without protecting him from prolonged exposure to asbestos dust.

Previously, the Court dismissed the Manufacturers of the asbestos-containing products based on the United States Supreme Court decision *Kurns v. Railroad Friction Products Corp.*, 565 U.S. 625 (2012), which held that state law defective design and failure-to-warn claims asserted by a worker, who had contracted mesothelioma from exposure to asbestos while working on locomotives and locomotive parts, against product manufacturers were preempted by the Locomotive Inspection Act ("LIA"). Record Documents 37 & 40. Now, KCSR has filed a partial motion for summary judgment arguing that the LIA precludes Plaintiff's FELA claims against KCSR to the extent they arise "from the use of [asbestos-containing] parts." Record Document 53-1 at 10–11.

## SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(a) directs a court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Summary judgment is appropriate when the pleadings, answers to interrogatories, admissions, depositions, and affidavits on file indicate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). When the burden at trial will rest on the non-moving party, the moving party need not produce evidence to negate the elements of the non-moving party's case; rather, it need only point out the absence of supporting evidence. *See id.* at 322–23.

If the movant satisfies its initial burden of showing that there is no genuine dispute of material fact, the non-movant must demonstrate that there is, in fact, a genuine issue for trial by going "beyond the pleadings and designat[ing] specific facts" for support. *Little v. Liquid Air Corp.*,

37 F.3d 1069, 1075 (5th Cir. 1994) (citing *Celotex*, 477 U.S. at 325). "This burden is not satisfied with some metaphysical doubt as to the material facts," by conclusory or unsubstantiated allegations, or by a mere "scintilla of evidence." *Id.* (internal quotation marks and citations omitted). However, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1985) (citing *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)). While not weighing the evidence or evaluating the credibility of witnesses, courts should grant summary judgment where the critical evidence in support of the non-movant is so "weak or tenuous" that it could not support a judgment in the non-movant's favor. *Armstrong v. City of Dall.*, 997 F.2d 62, 67 (5th Cir. 1993).

Additionally, Local Rule 56.1 requires the movant to file a statement of material facts as to which it "contends there is no genuine issue to be tried." The opposing party must then set forth a "short and concise statement of the material facts as to which there exists a genuine issue to be tried." W.D. La. R. 56.2. All material facts set forth in the movant's statement "will be deemed admitted, for purposes of the motion, unless controverted as required by this rule." *Id.*

## LAW & ANALYSIS

### I. FELA and LIA

"Section 1 of the FELA renders common carrier railroads 'liable in damages to any person suffering injury while . . . employed by [the] carrier' if the 'injury or death result[ed] in whole or in part from the [carrier's] negligence.'" *Norfolk & W. Ry. Co. v. Ayers*, 538 U.S. 135, 144–45 (2003) (quoting 45 U.S.C. § 51). Congress enacted the FELA in 1908 to "shift part of the human overhead of doing business from employees to their employers." *Id.* (cleaned up). A railroad has a nondelegable duty to provide its employees with a reasonably safe workplace. *See Shenker v. Balt. & Ohio R.R.*, 374 U.S. 1, 7 (1963). The United States Supreme Court has "liberally construed FELA

to further Congress' remedial goal" of providing recovery for injured railroad workers. *Consol. Rail Corp. v. Gottshall*, 512 U.S. 532, 543 (1994). FELA is in large part a negligence claim and requires a plaintiff to prove duty, breach, foreseeability, and causation. However, in furtherance of the humanitarian purpose of the statute, Congress relaxed the burden of proof on causation by requiring the worker to only prove that the employer's negligence played some part, however minimal, in causing the harm. *CSX Transp., Inc. v. McBride*, 564 U.S. 685, 694 (2011).

The LIA and its predecessor, the Boiler Inspection Act ("BIA"), "supplement[] the [FELA] by imposing on interstate railroads an absolute and continuing duty to provide safe equipment." *Urie v. Thompson*, 337 U.S. 163, 188 (1949) (internal quotation marks and citations omitted). The BIA and LIA are "substantively if not in form amendments to the [FELA]." *Id.* at 189. The LIA provides:

> A railroad carrier may use or allow to be used a locomotive or tender on its railroad line only when the locomotive or tender and its parts and appurtenances—
>
> (1) are in proper condition and safe to operate without unnecessary danger of personal injury;
>
> (2) have been inspected as required under this chapter and regulations prescribed by the Secretary of Transportation under this chapter; and
>
> (3) can withstand every test prescribed by the Secretary under this chapter.

49 U.S.C. § 20701. The LIA does not provide for a private cause of action if a railroad carrier violates its provisions. Instead, the LIA can establish the standard of care for FELA negligence claims as a violation of the LIA could result in negligence per se under the FELA. *Urie*, 337 U.S. at 188–89.

Although the LIA does not have an express preemption provision, the Supreme Court has held that Congress intended to "occupy the field" when regulating locomotives and locomotive parts. *Napier v. Atlantic Coast Line R.R.*, 272 U.S. 605, 613 (1926). In *Kurns*, the Supreme Court

reaffirmed its position that the LIA occupies the field as to the regulation of locomotive equipment and held that the LIA preempts state law defective design and failure-to-warn claims based on asbestos exposure against product manufacturers of locomotive parts. 565 U.S. at 628–30. The Supreme Court reached this ruling because "those claims '[were] directed at the same subject' as the LIA." *Id.* at 634 (quoting *Napier*, 272 U.S. at 612).

The parties do not dispute that Plaintiff's state law claims against the Manufacturers of the asbestos-containing rail products were properly dismissed because of federal preemption as stated in *Kurns*. KCSR's instant motion attempts to expand the Supreme Court's ruling in *Kurns* to Plaintiff's FELA claims against KCSR. Record Document 53-1 at 11–15. KCSR contends that Plaintiff's FELA claims for alleged asbestos exposure should be dismissed under *Kurns* because the LIA occupies the entire field regarding locomotive parts and precludes any FELA claims related to asbestos exposure arising from work on locomotives and locomotive parts. *Id.* Implicit in KCSR's interpretation of *Kurns* is the position that a long-term employee, such as Plaintiff, should be left without any available remedy for prolonged asbestos exposure arising from work on locomotives and locomotive parts.[2]

KCSR, however, has pointed the Court to no controlling authority interpreting *Kurns* in a manner that completely forecloses a railroad worker's ability to seek redress for asbestos exposure when the exposure derives from work on locomotives and locomotive parts. *Kurns* says nothing about the LIA having preclusive effect over FELA claims. The Supreme Court in *Kurns* was

---

[2] Pursuant to *Kurns*, if railroad employees are unable to sue product manufacturers for exposure to asbestos from working on the product, where does the remedy lie for asbestos exposure in these cases? According to KCSR, its employees should have no recourse because neither the employer nor the manufacturer can be held liable for the alleged asbestos exposure. This Court disagrees and finds that the potential remedy lies against the employer who has the nondelegable duty to ensure its employees have a reasonably safe workplace, including protecting employees from unsafe exposure to asbestos.

"explicit in holding, and only holding, that a state may not impose its own duties and standards of care on the manufacture and maintenance of locomotive equipment." *Del. & Hudson Ry. Co. v. Knoedler Mfrs., Inc.*, 781 F.3d 656, 662 (3d Cir. 2015) (citations omitted). Plaintiff has not brought a state law claim against KCSR; therefore, *Kurns* is not on point.[3] In the absence of controlling authority, the Court declines to expand *Kurns* in a way that completely removes a railroad worker's ability to recover for asbestos exposure arising from work on locomotives and locomotive parts, especially considering that the LIA and FELA both have "the purpose and effect of facilitating employee recover[y], *not of restricting such recovery or making it impossible*." *Urie*, 337 U.S. at 189 (emphasis added).

Moreover, KCSR is not in the same position as the product Manufacturers who were previously dismissed. Plaintiff did not have a FELA claim available against the Manufacturers. Plaintiff's claims against KCSR relate to KCSR's alleged failure to provide Plaintiff with a reasonably safe workplace by subjecting him to prolonged asbestos exposure without proper warnings, testing, safety equipment, or training. The LIA did not eliminate the employer's duty to ensure a reasonably safe workplace. The potential harm from prolonged asbestos exposure has been widely known in the railroad industry since at least the 1920s. Brief of the Washington Legal Foundation as Amicus Curiae in Support of Respondents at 16, *Kurns*, 565 U.S. 625 (2012) (No. 10-879), 2011 WL 4842586.[4] KCSR, as Plaintiff's employer, was in the best position to publish warnings in the workplace about the presence of asbestos and protect Plaintiff from prolonged

---

[3] Additionally, the lower court in *Kurns*, whose judgment was affirmed by the Supreme Court, based its conclusions, in part, on the presumption that a railroad worker had another potential cause of action—i.e., a FELA claim against its employer. *Kurns v. A.W. Chesterton Inc.*, 620 F.3d 392, 400 (3d Cir. 2010), *aff'd sub nom. Kurns v. R.R. Friction Prods. Corp.*, 565 U.S. 625 (2012).
[4] Record Document 57-4 at 27.

asbestos exposure.[5] *See id.* at 11–17.[6] Based on the summary judgment record, a jury could reasonably conclude that KCSR breached its nondelegable duty to provide Plaintiff with a reasonably safe workplace by subjecting Plaintiff to prolonged asbestos exposure without proper warnings, testing, safety equipment, or training.

Lastly, the Court is not persuaded by KCSR's uniformity argument. KCSR contends that uniformity in railroad equipment would be destroyed if it was subjected to suit for using in its locomotives the same products for which the manufacturers of those products were dismissed based on LIA preemption.[7] However, the only disuniformity in applying these two federal statutes would potentially be some variation in outcomes based on the judge or jury, which "is quite different from the disuniformity that would arise from the multitude of state laws, state regulations, state administrative agency rulings, and state-court decisions" that could hinder the LIA in the absence of federal field preemption. *POM Wonderful LLC v. Coca-Cola Co.*, 573 U.S. 102, 117 (2014). The LIA has co-existed as a supplement to the FELA for a lengthy period of time without Congress expressly forbidding or limiting FELA claims. "If Congress had concluded, in light of experience, that [FELA] suits could interfere with the [LIA], it might well have enacted a provision addressing the issue." *Id.* at 113. In the absence of an express provision, "[i]t makes little sense to find that a statute that serves as an amendment to the FELA, making it easier in some cases for injured workers to pursue their claims, also restricts the kind of claims workers can bring, particularly in light of the

---

[5] A manufacturer, on the other hand, cannot control how a third party operates its business or what warnings are posted on the third party's premises.

[6] Record Document 57-4 at 22–28.

[7] The dismissal of the Manufacturers does not necessarily leave KCSR holding the bag if it is adjudged at least partially negligent, but the duty is on the employer in FELA cases to seek contribution from joint tortfeasors. *Ayers*, 538 U.S. at 141.

'humanitarian' purpose of both statutes." *Gilmore v. Union Pac. R.R. Co.*, No. 09-2180, 2012 WL 3205233, at *10 (E.D. Cal. Aug. 2, 2012) (citing *Urie*, 337 U.S. at 188).

When reviewing the relevant jurisprudence, the Court is persuaded that the LIA does not preclude FELA claims such as those asserted by Plaintiff in this matter. *See Ayers*, 538 U.S. at 141 (holding that in an asbestos exposure case involving work on locomotive and locomotive parts containing asbestos, the FELA "allow[s] a worker to recover his entire damages from a railroad whose negligence jointly caused an injury (here, the chronic disease asbestosis), thus placing on the railroad the burden of seeking contribution from other tortfeasors"); *King v. S. Pac. Transp. Co.*, 855 F.2d 1485, 1489 n.1 (10th Cir. 1988) ("[C]laims which cannot be maintained under the [LIA] are often actionable under the FELA."). Accordingly, KCSR's motion must be denied.

## CONCLUSION

Based on the foregoing reasons, KCSR's partial motion for summary judgment [Record Document 53] is **DENIED**.

**THUS DONE AND SIGNED** this __10th__ day of November, 2021.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE